# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1898

———————

Jeffrey J. Gorman,

      Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

      Appellee.

\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.

\*   [UNPUBLISHED]

———————

Submitted: January 5, 2011
Filed: January 10, 2011

———————

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Jeffrey J. Gorman appeals the district court's[1] order affirming the determination that he is not entitled to a waiver of recovery of overpaid disability insurance benefits. After careful review of the record and Gorman's arguments for reversal, see Davidson v. Astrue, 501 F.3d 987, 989-90 (8th Cir. 2007) (de novo review), we find that the administrative law judge's (ALJ's) credibility determination is entitled to deference,

---

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

as it was based on several valid reasons, see Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008); we find no evidence of bias on the part of the ALJ, see Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001) (quasi-judicial administrative officers such as ALJs are presumed unbiased, but presumption can be rebutted by showing conflict of interest or other specific reason for disqualification); and we reject as meritless Gorman's argument that he was denied due process. We thus agree with the district court that Gorman failed to meet his burden of establishing that he was without fault for the overpayment. See Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000) (per curiam) (burden is on claimant to prove entitlement to waiver of repayment); see also 20 C.F.R. § 404.507 (even if Social Security Administration is at fault for making overpayment, claimant is not relieved from liability for repayment if he himself is not without fault). Accordingly, we affirm.

_____